IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PNC BANK, N.A., | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO. 14-00193-KD-B |
| | ) |
| POUNDS WRECKING, INC., | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on Plaintiff's Rule 55(a) and (b)(1) motion for entry of a default judgment against Defendant Pounds Wrecking, Inc. (Doc. 17), the Court's Order on same (Doc. 22), and Plaintiff's Supplemental Motion in support thereof (Doc. 23).

**I.    Background**

Plaintiff PNC Bank, N.A. ("PNC") filed a Complaint (as amended) against Defendant Pounds Wrecking, Inc. ("Pounds Wrecking")[1] for breach of a promissory note, alleging that Pounds Wrecking failed and/or refused to pay PNC amounts due under a promissory note and thus is indebted to PNC for the amount due including attorney's fees, stemming from said breach and default. (Docs. 1, 8). Specifically, on July 1, 2008, RBC Bank (USA),[2] and Pounds Wrecking executed an Promissory Note in the principal amount of $200,000. (Doc. 8-1 at 6-7).[3] The Note was secured by a July 1, 2008 mortgage recorded in the Probate Court of Mobile County, Alabama on July 3, 2008. (Doc. 8-1 at 9-18). The Note matured on July 1, 2013 and

---

[1] The two (2) other claims, breach of 2007 Guaranty and 2008 Guaranty, are alleged solely against Joseph G. Pounds and those claims are stayed per bankruptcy.

[2] PNC Bank, N.A. is the successor to RBC Bank (USA). (Doc. 17-2 at 3-4 (Aff. Enns)).

[3] As set forth in Doc. 22, Alabama law applies as the Promissory Note specifically provides for same.

PNC alleges that Pounds Wrecking failed to pay the sums due as provided for under the terms of the Note, and thus defaulted under same. PNC accelerated the Note and on September 9, 2013 made demand up on Pounds Wrecking for payment of all sums due. (Doc. 8-1 at 30-32).

On June 11, 2014, Pounds Wrecking was served with a copy of the summons and complaint by certified mail, by personal service on its Agent for Service of Process, Joseph G. Pounds.[4] (Doc. 11). Pounds Wrecking's answer was due by July 2, 2014. (Id.) Pounds Wrecking did not answer or otherwise defend. As such, upon PNC's application, the Clerk entered a default against Pounds Wrecking on July 9, 2014. (Doc. 14). PNC now moves for entry of a default judgment against Pounds Wrecking and seeks a monetary judgment under Rule 54(b) in favor of PNC as to the amounts owed to it by Pounds Wrecking. (Doc. 17).

On September 16, 2014, this Court ruled that entry of a default judgment against Defendant Pounds Wrecking was proper and that the outstanding indebtedness on the Note consisted of principal in the amount of $130,490.64, $10,396.42 in unpaid accrued interest, $7,040.51 in late charges, plus per diem interest at the rate of $24.466995. The matter of attorneys' fees, however, needed further explanation and supplementation as detailed in the Court's Order at Doc. 22.[5] As such, on September 23, 2014, PNC supplemented its motion for default judgment with explanation as to the new amount of attorneys' fees sought. (Doc. 23).

---

[4] As noted in Doc. 22, the Court is satisfied that Pounds Wrecking is on notice of the default proceedings.

[5] Supplementation was necessary as noted in the following examples. Counsel had not differentiated the fees sought as to defendant Joseph Pounds versus defendant Pounds Wrecking, and the motion was solely as to Pounds Wrecking such that only those entries for Pounds Wrecking would be recoverable. There were gaps in the billing record and billed time for items unrelated to PNC's breach of promissory note claim against Pounds Wrecking, for which recovery would not be allowable. Entries were related to billed time for an estate/probate claim of Joseph B. Pounds filed in Mobile County Probate Court. There were entries which reference a "Daniel Fourmont" but there is no information as to his relevance. There were entries that were so redacted there was no information left indicating that the billed time was even incurred as part of PNC's breach of promissory note claim against Pounds Wrecking. There were entries relating to property leases, lessee requests, change of ownership forms, cell phone towers, rents, and "Crown Castle" – yet no indication as to how such time was relevant.

Specifically, rather than the $7,859.50 in fees originally sought for 47.40 hours of time billed by three (3) attorneys and two (2) paralegals, in response to this Court's Order (Doc. 22) PNC now seeks recovery of only **$3,099** in attorneys' fees for **19.70 hours** of time billed by two (2) attorneys and one (1) paralegal.[6] (Doc. 23 at 5 (Aff. Motes)). In support, PNC submitted affidavits from Stephen Enns (PNC Asset Manager) and T. Julian Motes (one of PNC's attorneys) (Doc. 17-2 (Aff. Enns); Doc. 17-3 (Aff. Motes)), its original and amended complaints, the Promissory Note (Doc. 1-2; Doc. 8-1), and a second affidavit from Motes (Doc. 23 at 4-6).

## II. Default Judgment

Per Doc. 22, the Court granted default judgment in favor of PNC and against Pounds Wrecking in the amount of **$130,490.64** (outstanding principal) **_plus_** $10,396.42 (unpaid accrued interest), $7,040.51 (late charges), and per diem interest at the rate of $24.466995 from July 30, 2014 through the date of the entry of judgment, but denied PNC's request of reimbursement for "future accruals of interest and courts costs" and reserved ruling on the matter of attorneys' fees.

## III. Attorneys' Fees

The Promissory Note provides that Pounds Wrecking shall pay PNC's attorneys fees if it fails to pay. (Doc. 8-1 at 7). Motes (counsel for PNC) asserts that the requested fees and expenses were reasonably incurred. (Doc. 17-3 at 3 (Aff. A.Motes); Doc. 23 at 5 (Aff. Motes)).

"Alabama follows the American rule, whereby attorney fees may be recovered if they are provided for by statute or by contract...." Jones v. Regions Bank, 25 So.3d 427, 441 (Ala. 2009) (citations omitted). See also Battle v. City of Birmingham, 656 So.2d 344, 347 (Ala. 1995) (same). The law is clear that "provisions regarding reasonable attorney's fees are terms of the contracts susceptible to breach." Army Aviation Center Federal Credit Union v. Poston, 460

---

[6] This Court has already denied PNC's request for "future accruals of interest and court costs." (Doc. 22).

So.2d 139, 141 (Ala.1984). See also Ierna v. Arthur Murray Int'l, Inc., 833 F.2d 1472, 1476 (11th Cir. 1987) ("When the parties contractually provide for attorneys' fees, the award is an integral part of the merits of the case[]"). Under Alabama law, such attorney's fees are recoverable; however, recovery is subject to Alabama's imposition of a reasonableness constraint on all fee-shifting contracts, as a matter of public policy. See, e.g., Willow Lake Residential Ass'n, Inc. v. Juliano, 80 So.3d 226, 241 (Ala. Civ. App. 2010) ("Alabama law reads into every agreement allowing for the recovery of attorney's fees a reasonableness limitation[]"); PNCEF, LLC v. Hendricks Bldg. Supply LLC, 740 F. Supp. 2d 1287, 1294 (S.D. Ala. 2010) (rejecting claim for attorney's fees in amount of 15% of fund to be collected, where plaintiff made no showing of its actual attorney's fee incurred in enforcing contract). Thus, PNC is entitled to recover only its reasonable attorneys' fees and costs incurred in collecting on Pounds Wrecking's debt.

The calculation of reasonable attorney's fees is clearly within the sound discretion of the court. Dowdell v. City of Apopka, Fla., 698 F.2d 1181, 1187 (11th Cir. 1983); Kiker v. Probate Court of Mobile Cty., 67 So.3d 865, 867 (Ala. 2010). In assessing the reasonableness of attorney's fee requests, courts generally apply the "lodestar" method to obtain an objective estimate of the value of an attorney's services. Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988); Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000) (explaining that the lodestar "is the number of hours (tempered by billing judgment) spent in the legal work on the case, multiplied by a reasonable market rate in the local area"). The value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay, defined as "the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895–896 n. 11 (1984). The party moving for fees

bears the burden of establishing the "reasonableness" of the hourly rate and number of hours expended via specific evidence supporting the hours and rates claimed. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); American Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). The court may utilize its own "knowledge and expertise" to come to an independent judgment regarding the reasonableness of requested attorney's fees. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).

When seeking attorney's fees, the prevailing party must not request fees for hours that are "excessive, redundant, or otherwise unnecessary;" or request fees for unsuccessful claims. Hensley, 461 U.S. at 434-435. When a request for attorney's fees is unreasonably high, the court may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap it Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). Likewise, where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations. See, e.g., Norman, 836 F.2d at 1299. Notably,"[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonableness and proper fees and may form an independent judgment with or without the aid of witnesses." Id. at 1303 (citations omitted).

Further, the lodestar figure established by the Court may be adjusted by consideration of various factors including:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or

by the circumstances.

Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740, 749 (Ala. 1988). See also e.g. Pharmacia Corp. v. McGowan, 915 So.2d 549, 552-554 (Ala. 2004); Lolley v. Citizens Bank, 494 So.2d 19 (Ala. 1986). These criteria are for purposes of evaluating whether an attorney fee is reasonable but they are not an exhaustive list of specific criteria that must all be met. Beal Bank, SSB v. Schilleci, 896 So.2d 395, 403 (Ala. 2004).

### A. Reasonable Rate

A plaintiff has the burden of supplying the Court with specific and detailed evidence from which the Court can determine the reasonable hourly rate for the work performed. Barnes, 168 F.3d at 427 (citing Norman, 836 F.2d at 1303). The Eleventh Circuit has instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. In this case, the relevant legal community is Mobile, Alabama. See Barnes, 168 F.3d at 437 (providing that "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." (citation omitted)). The Court, which is familiar with the prevailing rates in the local market (Mobile, Alabama), may act as its own expert and rely on its "knowledge and experience" to determine the reasonableness and propriety of the requested fees. Loranger, 10 F.3d at 781.

The *amended* rates requested by PNC include rates for counsel ($175/hour for counsel with 19-36 years of experience) as well as a paralegal ($90/hour for a paralegal with unknown experience) expended, for a total of **19.70** hours litigating this case. (Doc. 23 at 5 (Aff. Motes)). Specifically, Plaintiff now seeks $175/hour for 10.40 hours of work by George M. Neal, Jr. (36 years), $175/hour for 5.20 hours of work by T. Julian Motes (31 years), and $90/hour for 4.10

6

hours for paralegal Susan Conger (years unknown). (Doc. 23 at 5 (Aff. Motes); Doc. 23 at 7-8). The Court, utilizing its own expertise in this market as well as a review of prior fee awards, has determined hourly rates and time that it deems reasonable and appropriate for the work performed in this case. Vision Bank v. FP Mgmt., LLC, 2012 WL 222951, *3 (S.D. Ala. Jan. 25, 2012); Vision Bank v. Anderson, 2011 WL 2142786, *3 (S.D. Ala. May 31, 2011); Mitchell Co., Inc. v. Campus, 2009 WL 2567889, *1 and *17–18 (S.D. Ala. Aug. 18, 2009); Wells Fargo Bank, N.A. v. Williamson, 2011 WL 382799, *4 (S.D. Ala. Feb. 3, 2011).

   1.   **Partners**[7]

Regarding the requested $175/hour rate for partners Neal and Motes (having over 10 years of experience) this rate does not exceed rates which have been found reasonable in this Court. The Court has determined $225/hour to be a reasonable rate for a partner with approximately 10 years of experience. See, e.g., Wells Fargo Bank, N.A. v. Friday Const. Co., Inc., 2012 5381558, *5 (S.D. Ala. Oct. 31, 2012); Williamson, 2011 WL 382799 at *4. PNC has requested a rate of $175/hour. Upon consideration, the Court finds the requested rates for Neal and Motes are due to be granted, as they are reasonable and below partner rates previously awarded by this Court. As such, the Court awards Neal and Motes the rate of **$175/hour**.

   2.   **Paralegals**

PNC seeks recovery of fees for the work of one paralegal, Susan Conger, whose years experience are unknown. In this market, this Court regularly approves rates of $75/hour for paralegals. SE Property Holdings, LLC v. Green, 2013 WL 790902, *6 (S.D. Ala. Mar. 1, 2013); Zuffa, LLC v. Al–Shaikh, 2011 WL 1539878, *9 (S.D. Ala. Apr. 21, 2011); Williamson, 2011 WL 382799, *5; Adams v. Austal, U.S.A., L.L.C., 2009 WL 3261955, *2 (S.D. Ala. Oct. 7,

---

[7] Identified as "shareholders" on the law firm's website.

7

2009); Lanier Construction Inc. v. Carbone Properties of Mobile, LLC, CV 06–0070–CB–B (S.D. Ala. Feb. 12, 2008). As such, the Court awards the rate of **$75/hour** for paralegal Conger.

B. **Reasonable Hours Expended**

In determining whether the number of hours expended are reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary." Norman, 836 F.2d at 1301. When awarding an attorney's fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Barnes, 168 F.3d at 428. The Court will not permit a party to recover fees for hours that are excessive, redundant, or unnecessary, *i.e.*, hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301 (emphasis omitted). While there is no *per se* rule of proportionality, City of Riverside v. Rivera, 477 U.S. 561, 574 (1986), the Supreme Court has made clear that such could still be considered a factor in determining the reasonableness of a fee request. "The amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded under § 1988.... It is, however, only one of many factors that a court should consider in calculating an award of attorney's fees." Id. (citation omitted). In sum, "[i]f fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary. Courts are not authorized to be generous with the money of others." Barnes, 168 F.3d at 428.

In supplementation to default judgment motion and in response to this Court's Order (Doc. 22), counsel submitted *amended* billing records (through July 15, 2014) which indicate that the individuals working on this cased billed a total of **19.70** hours. (Doc. 23 at 5 (Aff.

Motes); Doc. 23 at 7-8). As noted *supra*, counsel set forth each billing attorney's hourly rate and respective years of experience. Counsel for PNC also asserts that the time expended was reasonable. (Doc. 17-3 (Aff. Motes)). Counsel also addressed the Court's concerns by revising its records "to reflect only the services involved with pursing the claim against" Pounds Wrecking and by deleting the time billed to pursue claims against the guarantors, and now properly seeks an award for only "the time involved solely with seeking recovery from" Pounds Wrecking. (Doc. 23 at 4-5 (Aff. Motes)). Upon consideration of the materials submitted, counsel's affidavit representations, and the Court's expertise – as well as counsel's significant reduction in fees from $7,859.50 for 47.40 hours to $3,099 for 19.70 hours -- the undersigned is satisfied that the fees are reasonable and recoverable.

IV. **Conclusion**

Accordingly, it is **ORDERED** that PNC's motion for default judgment against Pounds Wrecking, Inc. (Docs. 17, 23) is **GRANTED in part** and **DENIED in part** as follows: 1) **GRANTED** as to its breach of promissory note claim such that PNC is awarded $**151,026.57** ($130,490.64 in outstanding principal, $10,396.42 in unpaid accrued interest, $7,040.51 in late charges, and $3,099 in attorneys' fees), *plus* per diem interest at the rate of $24.466995 (from July 30, 2014 through the date of entry of judgment); and 2) **DENIED** as to costs. **A Rule 54(b) Judgment, as requested by PNC, shall issue by separate document contemporaneously with this Order.** The Clerk is **DIRECTED** to provide a copy of this Order, via certified mail, to Defendant Pounds Wrecking, Inc., at the address of record where service was perfected.

**DONE** and **ORDERED** this the **24th** day of **September 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**